153 N.J. 205 (1998)
707 A.2d 1350
RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
THE OHIO CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT. RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
HCM CLAIM MANAGEMENT CORP., SERVICING CARRIER FOR THE MARKET TRANSITION FACILITY, DEFENDANT-RESPONDENT. RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, DEFENDANT. RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
THE WEST AMERICAN INSURANCE COMPANY, DEFENDANT-RESPONDENT. RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT (TWO CASES). RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT. RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
COMPUTER SCIENCES CORPORATION, AS SERVICING CARRIER FOR THE MARKET TRANSITION FACILITY OR THE NEW JERSEY FAIR AUTOMOBILE UNDERWRITING ASSOCIATION, DEFENDANT-RESPONDENT. RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
KEYSTONE INSURANCE COMPANY, DEFENDANT-RESPONDENT. RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
LION INSURANCE COMPANY, MARYLAND CASUALTY INSURANCE COMPANY, AND STATE FARM INSURANCE COMPANY, DEFENDANTS, AND KEYSTONE INSURANCE COMPANY, DEFENDANT-RESPONDENT. RUTGERS CASUALTY INSURANCE COMPANY, AS INSURER OF JOSEPH JANIK, PLAINTIFF-APPELLANT,
v.
OHIO CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT. RUTGERS CASUALTY INSURANCE COMPANY, AS INSURER OF MARIE & FRANK SCARAFILE, PLAINTIFF-APPELLANT,
v.
KEYSTONE INSURANCE COMPANY, DEFENDANT-RESPONDENT. RUTGERS CASUALTY INSURANCE COMPANY, PLAINTIFF-APPELLANT,
v.
COMPUTER SCIENCES CORPORATION, AS SERVICING CARRIER FOR THE MARKET TRANSITION FACILITY OF NEW JERSEY (MTF) AND/OR THE NEW JERSEY FULL INSURANCE UNDERWRITING ASSOCIATION (JUA), DEFENDANTS-RESPONDENTS.
The Supreme Court of New Jersey.
Argued February 3, 1998.
Decided April 20, 1998.
*207 Susan L. Moreinis argued the cause for appellant.
John R. Gercke argued the cause for respondents The Ohio Casualty Insurance Company, Keystone Insurance Company and The West American Insurance Company (Gercke, Dumser & Feld, attorneys).
Francis X. Ryan argued the cause for respondents Allstate Insurance Company and CSC Insurance Services, servicing carrier for New Jersey Automobile Full Insurance Underwriting Association (Green, Lundgren & Ryan, attorneys for Allstate Insurance Company and CSC Insurance Services, servicing carrier for the New Jersey Automobile Full Insurance Underwriting Association and Robert L. Messick, attorney for HCM Claim Management Corp., servicing carrier for The Market Transition Facility of New Jersey; Mr. Ryan and Mr. Messick, on the joint brief).
Randi S. Greenberg submitted a letter in lieu of brief on behalf of respondent Prudential Property & Casualty Insurance Company (Robert A. Auerbach, attorney).
PER CURIAM.
The issue in this automobile insurance appeal is whether an insurance carrier that pays personal injury protection (PIP) benefits to claimants injured in an automobile accident is entitled to contribution from other insurance carriers that are required by N.J.S.A. 39:6A-4 to provide coverage. The appeal is based on ten *208 consolidated declaratory judgment cases that arise from similar factual patterns. The plaintiff insurance carrier in each case is the Rutgers Casualty Insurance Company (Rutgers).
In each case, the person injured in an automobile accident was either the named insured on a Rutgers policy or was the resident relative of a named insured on a Rutgers policy. Each injured person was eligible to receive PIP benefits from Rutgers. See N.J.S.A. 39:6A-4. In addition, because each victim was injured while he or she was either a pedestrian or a passenger in a car that he or she did not own, each victim was eligible to receive PIP benefits from the company that insured the automobile. N.J.S.A. 39:6A-4. Because named insureds and their resident relatives, i.e., the claimants in these cases, are entitled to receive "primary coverage" from the named insured's carrier, N.J.S.A. 39:6A-4.2, Rutgers paid PIP benefits to each victim.
Rutgers then sought contribution from the carriers that insured the automobile involved in each accident. When these carriers (defendants) refused to pay, Rutgers instituted suit against them seeking a declaratory judgment of entitlement to contribution. On cross-motions for summary judgment, the Law Division ruled in favor of Rutgers and ordered pro rata contribution from defendants. Defendants appealed. The Appellate Division reversed. 299 N.J. Super. 249, 690 A.2d 1074 (1997).
We affirm the judgment in favor of defendants substantially for the reasons set forth in the Appellate Division opinion of Judge King.
Rutgers relied on N.J.S.A. 39:6A-11, which provides that when two or more insurance companies "are liable to pay benefits" under N.J.S.A. 39:6A-4, the company that pays the victim is entitled to recover from each of the other insurers "an equitable pro rata share of the benefits paid." The defendant carriers contended that because their policies contained a "follow-the-family *209 exclusion," they were not "liable to pay benefits" within the intendment of N.J.S.A. 39:6A-11. They also contended that, under N.J.S.A. 39:6A-4.2, Rutgers was primarily and exclusively liable for payment to its named insured. Finally, they referred to an understanding or practice in the insurance industry not to seek contribution in such cases.
The follow-the-family exclusion provides:
The insurance under this endorsement does not apply to bodily injury to:
.... .
any person other than the named insured or relative if that person is entitled to New Jersey personal injury protection coverage as a named insured or relative under the terms of another policy;
any relative if that person is entitled to New Jersey personal injury protection coverage as a named insured under the terms of another policy.
The Appellate Division found the follow-the-family exclusion to be "entirely consistent with the text of the [No-Fault] statute and the legislative purpose" behind it. 299 N.J. Super. at 263, 690 A.2d 1074. The follow-the-family provision "realizes and coordinates the primacy policy of § 4.2[and] the equitable contribution policy of § 11 when two or more PIP coverages inexorably apply...." Ibid. The follow-the-family exclusion "does not textually violate" N.J.S.A. 39:6A-11, because the latter applies only when two or more insurers are "liable" to pay benefits. Id. at 262, 690 A.2d 1074. Under the follow-the-family exclusion, a carrier is not "liable" for the payment of PIP benefits to anyone other than its named insured and his otherwise uninsured resident relatives. Ibid.
The Appellate Division also found that the follow-the-family provision effectuates the legislative goal of "transactional efficiency" by allowing insurance companies to avoid the "cumbersome and uneconomic shifting of dollars" that results from contribution claims. Id. at 263, 690 A.2d 1074. "Once the injured party is paid under the `primacy of coverage' section, N.J.S.A. 39:6A-4.2, the *210 matter is closed"; the follow-the-family provision operates to "exclude" contribution under N.J.S.A. 39:6A-11. Id. at 257, 690 A.2d 1074.
Even though the follow-the-family provision is titled an "exclusion" and facially purports to exclude from coverage persons who are merely "eligible" to receive benefits under another policy pursuant to N.J.S.A. 39:6A-4, the provision clearly was meant to act as a bar to contribution after the primary carrier had already paid out benefits to the claimant.
This interpretation is consistent with and is confirmed by L. 1997, c. 270, the recently enacted amendment to N.J.S.A. 39:6A-7. While the amendment provides on its face that an insurance carrier may "exclude" from coverage any person who is "entitled to coverage" as a named insured or resident relative under the terms of another policy, the explanatory statement beneath the amendment notes that this "bill eliminates PIP contribution." N.J.S.A. 39:6A-7b(3). Both the policy exclusion and the statutory exclusion thus prohibit an insurance carrier that has paid out PIP benefits pursuant to N.J.S.A. 39:6A-4.2 from receiving contribution from other carriers potentially liable under N.J.S.A. 39:6A-4, -11. Thus, neither exclusion may be relied upon to deny payment to an uncompensated claimant. Our holding is therefore limited to those cases where the injured claimant has already been compensated or is clearly entitled to be compensated and the primary carrier is seeking contribution under N.J.S.A. 39:6A-11 from other potentially liable carriers.
The judgment of the Appellate Division is affirmed.
*211 For affirmance  Justices HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN  5.
Opposed  None.